HENKING, ALLEMONG & CO. v· LOUISA P. HARRIS.

**Bills and Notes—Promise to Pay After Discoverture—Evidence of.**

In the conversation detailed by the witness, the appellee spoke of paying the debts and said they ought to be paid and that she was going to pay all her debts but did not say particularly that she was going to pay these debts.

Held, that such a conversation cannot be construed into a promise to pay notes, when she was then resisting the collection of the same by a legal defense.

**APPEAL FROM BOYD CIRCUIT COURT.**

**October 25, 1871.**

OPINION BY JUDGE LINDSAY:

The provision of the act of the general assembly, approved January 21, 1869, to the effect that the estate of Mrs. Harris should be liable for any debts she then owed, was intended to apply to such debts as she was then legally bound to pay, and not to such as she had already been exonerated from paying by the judgment of this court, or other competent judicial tribunal.

It is not necessary that we should determine whether or not the moral obligation resting upon appellee to pay the notes sued on in this action would have been sufficient consideration to support a promise to pay them made after she had become discoverture.

It is sufficient that in our opinion she has made no such promise so far as appears from the evidence presented by this record.

In the conversation detailed by the witness Shoemaker, she spoke of paying these debts; said they ought to be paid, and that she was going to pay all her debts, but the witness says expressly that she did not say particularly that she was going to pay these debts. Such a conversation cannot be construed into a promise to pay notes, the collection of which she was then resisting by the inter position into this case, of every available legal defense. The judgment of the circuit court, dismissing appellant's petition, is affirmed.

*James, Jones, for appellant.*